WILLIAM L. CASTON, ADMINISTRATOR, v. HORACE G. TURNER.

[48 South. 721.]

1. INTERPLEADER. *Pleadings. Code* 1906, § 772. *Landlord and tenant. Agricultural products. Lien for rent. Conversion.*

Where in a suit at law, the defendant interpleads a third person, under Code 1906, § 772, providing for interpleaders, and the interpleaded party propounds his claim in writing, stating substantially and clearly his right to the property or funds involved, the claim is not demurrable because it contains surplusage and immaterial matter, nor because it fails to conclude either with a verification or to the country.

2. SAME. *Interpleaded party's rights. Set-off.*

Where in a suit by a landlord to recover rent from a third person who had converted to his use agricultural products subject to a statutory lien to secure the rent, the defendant having paid the proceeds of the products into the court and interpleaded a third party, the latter may plead by way of set-off a liability of like character due him from the plaintiff.

FROM the circuit court of Pike county.

HON. MOYSE H. WILKINSON, Judge.

Turner, appellee, was plaintiff in the court below; the Mc-Comb City Mercantile company was the original defendant there. The plaintiff claimed that rent was due him from a tenant to whom he had leased a farm, that the Mercantile Company, original defendant, had obtained the possession of agricultural products raised by the tenant on the leased premises, upon which plaintiff had a statutory lien (Code 1906, § 2832), and had converted the same to its use, etc.

The Mercantile Co., original defendants, interpleaded Caston, administrator, appellant, under Code 1906, § 772, paying into court the proceeds of the agricultural products, and was discharged from the suit.

The interpleaded party propounded his claim to the funds in writing as shown in the opinion of the court and also pleaded a set-off, averring that the plaintiff was due him, as administrator of his intestate's estate, a sum of money equal to plaintiffs demand of like character as the debt demanded in the declaration. The intestate had leased a farm and the plaintiff had received from the tenant agricultural products raised thereon and converted the same to his use, leaving the rent unpaid.

The plaintiff demurred to both pleas, and the court below sustained the demurrers; judgment final was rendered in plaintiff's favor and Caston, administrator, appealed to the supreme court.

Code 1906, § 772, under which procedure was had, is as follows: "Upon affidavit of a defendant before plea filed in any action upon contract, or for the recovery of personal property, that a third party, without collusion with him, has a claim to the subject of the action, and that he is ready to pay or dispose of the same as the court may direct, the court may make an order for the safe-keeping or payment, or deposit in court, or delivery of the subject-matter of the action to such person as it may direct, and an order requiring such third party to be summoned

to appear in a reasonable time and maintain or relinquish his claim against the defendant. If such third party, being duly summoned, or in case he be a nonresident of or absent from this state, if publication of summons shall have been made for him as prescribed by law for nonresident or absent defendants in chancery, shall fail to appear, the court may declare him barred of all claim in respect to the subject of the action against the defendant therein; but if such third party appear, he shall be allowed to make himself defendant in the action at law instead of the original defendant, who shall be discharged from all liability to either of the other parties, in respect to the subject of the action upon his compliance with the order of the court for the payment, deposit or delivery thereof. If the claim of such third party extend to only a part of the subject-matter of the action, similar proceedings may be had respecting the part so claimed, and the action shall proceed as to the residue as in other cases."

*Butler & Cassedy,* for appellant.

This is a proper case of interpleader and was so considered by all the attorneys and the trial court on the hearing of the case, and their view is supported by the cases of *Moore v. Ernst,* 54 Miss. 642, and *Boyle v. Manion,* 74 Miss. 572, 21 South. 530.

Code 1906, § 772, provides that on affidavit, etc., the court may make an order for the safe keeping of the money and "order such third party to be summoned to appear in a reasonable time and maintain or relinquish his claim against the defendant." And after summons, if he fail to appear the "court may declare him barred of all claim in respect to the subject-matter of the action against the defendant therein." If the third party appear he shall be allowed to make himself defendant in the action.

The statute being silent on the subject it would seem that any plea which asserts defendant's claim and denies the plain-

tiff's right would be sufficient. The plea of set off was proper and the action of the court in sustaining the demurrer to that plea was error.

*Cassedy & Cassedy,* for appellee.

[The brief of counsel for appellee had been lost or withdrawn from the record before it reached the reporter.]

Argued orally by *George Butler,* for appellant.

WHITFIELD, C. J., delivered the opinion of the court.

Most manifestly the procedure here was under § 772, Code of 1906—interpleader procedure, pure and simple. The claim, as finally propounded by the administrator, stated substantially and clearly his right. It is true there is much surplusage and immaterial matter in it, and it is true that it did not conclude either with a verification or to the country. But the statement of claim did not, under section 772, have to so conclude, and the irrelevant matter should have been disregarded. The demurrer to this claim thus propounded ought to have been overruled, and the case disposed of on its merits.

The matter of set-off, insisted upon by the administrator, was perfectly proper to be deducted from any proportionate amount of rent, if any at all, due to Turner, appellee. There is nothing else worthy of notice in the record. What we have said indicates the true course the case should take on the hearing on the merits.

*Reversed and remanded.*