NEWTON *v.* HOMOCHITTO LUMBER CO.

(Division B.   Jan. 4, 1932.)

[138 So. 564.   No. 29524.]

Hollis McGehee, **J. W. Cassedy, Jr.,** of Brookhaven, and **Currie & Currie,** of Hattiesburg, for appellant.

Whittington & Brown, of Meadville, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant was plaintiff in the court below and sued the appellee for personal injuries. There were numerous counts in the declaration. The first count alleged that the plaintiff on and prior to the 21st day of August, 1929, was in the employ of the defendant, having charge of certain employees, that defendant also had a woods superintendent who was superior in authority to the plaintiff and in whose charge the defendant had placed all of the operations of its railroad work in connection with building a railroad and the movement of men and material to and from their work, and that the superintendent at all times acted within the scope of his employment, and that the plaintiff acted within the scope of his employment, under the direction and control of the superintendent aforesaid.

It was then alleged:

"Plaintiff shows that on the aforesaid date that the labors and duties of the plaintiff required of him by the defendant made it necessary for him to be on and around and to work on and around a train consisting of one of said engines and a number of cars and the plaintiff alleges that he was at the time and place of the injury herein complained of upon said train on one of the cars therein engaged under the direct orders and instructions of his said superior in checking up the tools, material and other objects on said car and that it was the duty of the engineer in charge of and operating said engine to keep said engine, cars and train still and not to move the same without warning or notice to the plaintiff while

the plaintiff was so engaged. And he alleges that there was great danger of his being thrown or caused to fall therefrom while engaged in said work if said engine and train or car should be moved without warning or notice to him and he alleges that the defendant and its engineer in charge of and operating said engine, each and both knew this or by the exercise of ordinary care and caution could and ought to have known it. The plaintiff alleges that the engineer then and there in charge of and operating said engine cars and train, did negligently and in a grossly negligent manner when he knew or by the exercise of ordinary care and caution could and ought to have known that the plaintiff was on said car engaged in checking the tools and materials thereon under the order of his said superior as aforesaid in a position where there was great danger that he would be thrown or caused to fall from said car and be injured or killed if the same should be moved without warning or notice to him, suddenly moved said engine, cars and train without any warning or notice whatever to the plaintiff as a proximate and direct result of which the plaintiff was suddenly and unexpectedly hurled and thrown from said car onto the ground and as a proximate and direct result of which the plaintiff then and there received and sustained the injuries herein complained of.

"The plaintiff alleges that when he was thrown or caused to fall from said car in the manner aforesaid, he fell on his back with such force down a steep embankment that it caused him to receive a fractured skull and caused him to receive a fracture of his back bone and caused several of the joints in his back bone to be jammed together, all of which said injuries were the direct and proximate result of the negligence herein complained of.

"Plaintiff will show that as a result of said injuries that he was caused to suffer the most excruciating pain and agony and suffering and that in the future, plaintiff charges that he will continue to suffer.

"Plaintiff will show that prior to this injury he was strong, healthy and able-bodied and capable of and did earn the sum of five dollars per day, but that on account of said injuries so negligently caused him by the defendant that his earning capacity is now greatly reduced, if not entirely destroyed.

"Wherefore by reason of which, the plaintiff is advised and believes that right of action hath accrued to him against the defendant, Homochitto Lumber Company, in the full sum of fifty thousand dollars ($50,000.00), for which he brings this suit against said defendant and demands judgment together with all cost legally incurred herein."

To sustain his action under this count, the plaintiff testified as follows:

"Q. Did you have any control over the movement of the train? A. No, sir, only when I flagged them back to get material.

"Q. Are you familiar with and know the rules of the defendant company with reference to moving the train, or cars, after it once becomes still? A. Yes, sir. . . .

"Q. What was the rule with reference to moving the train after it had become still? A. Just as we flag them back, or flag them ahead, and the rule was not to move the train without blowing the whistle.

"Q. Did they blow it? A. No, sir. . . .

"Q. You state that the rules of the company required the whistle of the engine be blown two times before it was moved? A. Yes, sir.

"Q. State whether the whistle on this engine was blown at all at the time of your injury? A. No, sir, it was not.

"Q. Was the car on which you were working moved? A. Yes, sir.

"Q. In what direction? A. It ran backwards about three or four feet down the track, down the grade.

"Q. How far would you say it was knocked? A. Three or four feet. . . .

"Q. What was it you said? A. I said it knocked me off.

"Q. Immediately before the movement of the car on which you were working was any signal given you that the car would be moved? A. No, sir.

"Q. Did you know the car would be moved? A. No, sir.

"Q. Had any person connected with that train given. you any warning of the movement of the car? A. No, sir.

"Q. Had the engineer, or any person, sounded the whistle? A. No, sir."

The plaintiff also testified that the woods superintendent, above referred to in the declaration, had ordered him to load certain material and tools on the car, and that he was going to be checked out and discharged, but that his employment was to continue until the car had been loaded and checked out by him to the proper authorities. He also testified as to the nature and character of his injuries which, if true, were of a serious nature. As to his injuries he was supported by the testimony of a physician. He was contradicted by evidence on behalf of the defendant, but his testimony was not improbable on its face and not so unreasonable, taken of itself or in connection with the other testimony, that a jury could not be warranted in accepting it.

At the conclusion of the whole evidence, the defendant made a motion for the court to direct the jury to bring in a verdict for the defendant, and assigned several reasons therefor, among which are that the evidence offered by the plaintiff in support of the allegations of negligence tend to support only the negligence charged in the first count of the declaration, and that there is no evidence that would support the allegations in the other counts of the declaration; second, because the only evidence by the plaintiff in this case to support the charge of negligence contained in the first count is that of the plaintiff himself, and that no other witness who has testified in the case has corroborated his evidence in any respect whatsoever; that upon every material fact neces-

sary to prove negligence charged in the first count the plaintiff has been impeached, and that he himself contradicts his evidence, and that the plaintiff's evidence touching upon how he received the injuries is vague and indefinite and unsatisfactory and insufficient in law to meet the burden of proof placed upon him by law; that the evidence in the case shows statements made to a number of witnesses by the plaintiff, which contradict his evidence given at the trial of the case, and by reason of which the plaintiff himself stands impeached by his own statement. It was further alleged in the motion that statements in a former declaration filed against the company in another county for the same injuries were different from the statements contained in the present declaration.

The court entered the following order in response to this motion: "Ordered by the court that this cause be and is hereby dismissed and that the plaintiff Amos Newton, be taxed with all cost of this suit for which let execution issue."

It will be seen from this statement that the trial judge withdrew from the jury the decision of the issue. While the trial judge may grant a new trial where the evidence in support of the verdict is against the great weight of the evidence in the case, he cannot direct the jury peremptorily to return a verdict for the adverse party. This is recognized by section 592 of the Code of 1930, which provides that: "Every new trial granted shall be on such terms as the court shall direct; and no more than two new trials shall be granted to the same party in any cause."

There is a marked distinction in the power of a circuit judge to grant a peremptory instruction and the power to set aside a verdict by a jury on the ground of being against the great weight of the evidence or contrary to the evidence in the case. In Fore v. A. & V. Ry. Co., 87 Miss. 211, 39 So. 493, 690, this court dealt with this precise question. In the first syllabus to this case it is said:

"A circuit judge may grant a new trial if the verdict be against the weight of the evidence; but he is warranted in granting either party a peremptory instruction only when the evidence favorable to the other, conceding it to be true, discloses no legal right in him or fails to maintain the issue in his favor."

In the opinion, at page 217 of 87 Miss., 39 So. 493, 494, 690, the court said: "If the peremptory instruction was given by the learned judge below on the idea that he would set aside a verdict for recovery on the whole case, we think this stretches the doctrine too far; there being here no warrant for the position that, as matter of law, conceding the testimony for plaintiff to be true, no case is shown. There is a distinction in the rules applicable to the action of courts in granting new trials and in giving peremptory instructions. Occasionally it is the duty of a trial court to set aside a verdict and grant a new trial, where the judge is of the opinion that the finding of the jury is clearly against the great preponderance of the evidence. But the result is simply a rehearing of the cause, and the plaintiff is protected, finally, by Rev. Code 1892, section 738, against more than two new trials on the facts, and no appeal lies from allowing a new trial; a review by this court being had only after the final termination of the cause. Action by jury is a right, where the litigant presents testimony which, if true, 'fairly tends to prove the case.' Brame & Alexander's Digest, 640, and the cases there digested in sections 61-68. Peremptory charges should be given only where the evidence, taken as absolutely true, and might be so found by the jury, establishes no legal right or fails to maintain the issue." Section 738, Ann. Code of 1892, is now section 592 of the Code of 1930, above quoted. See, also, Tagert v. Baker, 57 Miss. 303; Munn v. Perkins, 1 Smedes & M. 412.

The parties to a common-law action, where there is a conflict in the evidence and the evidence fairly tends to

prove the case as offered by one party, have the right to have the issue tried by a jury subject to the power of the judge to set the verdict aside and submit the issue to a new jury in a new trial, but the judge is not permitted to substitute his judgment of the truth of the evidence for that of the jury. It is only in cases where the proof for the plaintiff, when it tends to sustain the issue, is so unreasonable and contradictory within itself that it cannot be reasonably accepted as being true, that a peremptory instruction should be granted. This is rarely the case. Wherever reasonable men may differ about which party has testified to the truth, the judge must submit the cause to the jury.

In Chapman v. Powers, 150 Miss. 687, 116 So. 609, in considering a somewhat similar application of the principle, the court said in the first syllabus: "In passing on question whether verdict of jury in given case is result of passion or prejudice, court is not authorized to substitute its judgment for that of jury, since amount of damages to be awarded is peculiarly within province of jury."

The determination of questions of veracity is also the province of the jury, and the judge is equally prohibited from taking his individual judgment as the one to determine such conflicts and the reasonableness of the evidence.

If the plaintiff's evidence as contained in the record is true, and we think it should have been submitted to the jury to determine whether it was true or not, then the plaintiff is entitled to recover. The fact that the plaintiff may be contradicted by other witnesses, and by surrounding circumstances testified to by other witnesses, does not warrant the court in taking the case from the jury. In a proper case where the court is convinced clearly that the jury has been influenced by passion or prejudice, he may set aside its verdict and submit the issue to another jury, but he cannot substitute his judgment for that of the jury, and under the statute above

referred to he can only grant two new trials based on his judgment that the verdict of the jury was against the weight of the testimony. If a third jury disagrees with his view, he is bound by the judgment of the jury in the third trial. See authorities annotated under section 592, Code of 1930.

The judgment of the court below must be reversed and remanded.

Reversed and remanded.