FORE *v.* ILLINOIS CENT. R. CO.

(Division B. February 25, 1935.)

[159 So. 557. No. 31593.]

(Division B. April 22, 1935.)

[160 So. 903. No. 31593.]

White & McCool, of Canton, for appellant.

W. H. & Robert H. Powell, of Canton, for appellee.

**Ethridge, P. J.,** delivered the opinion of the court.

The appellant, Dr. O. R. Fore, sued the Illinois Central Railroad Company for the killing of a mule upon its tracks.

Appellant's proof showed that the mule had gotten out during the night previous to the killing in the morning, and strayed upon the railroad track through an opening in the fence which the railroad had built to fence its track in. This opening seems to have been a wire gate at a place where some private roadway or crossing passed over the railroad tracks. The track from where the mule was killed, in the direction from which the train approached, was one-fourth of a mile or more and was straight, and the view was unobstructed.

The proof for the appellant shows that the mule went upon the track and then down the track in a southerly direction for perhaps one hundred eighty to two hundred twenty-five feet, and then turned and came up the center of the track to the point where it was killed. The appellant's proof also showed that the whistle, or stock alarm, was sounded about one-fourth of a mile from where the mule was struck, and continued to blow from then until the mule was struck, and that the speed was not slacked or slowed down during this period. The mule was struck and dragged along for some distance, and there was blood, hair, and hide along the cross-ties and rails. Shortly after it was struck, a witness went to

where the mule was, and, although it was dead, warm blood was flowing from the wounds.

The proof for the railroad company was by the engineer and fireman, who said that the mule was seen a short distance before it was struck, and that the alarm was sounded, and everything done that could be done by them after seeing the mule, to prevent the injury; that when the mule was first seen, it was running up the track toward the train, and it was impossible to stop the train within that distance.

The evidence also showed that the stock law was in force in Madison county prohibiting stock from running at large.

There was no proof offered by the railroad company as to why the wire gate was left open or down, nor was there any dispute as to that fact.

We think the court below erred in giving the peremptory instruction for the railroad company. If the testimony produced by the appellant was true, and if the alarm was sounded for a distance of one-fourth of a mile from where the mule was struck, and the speed was not slowed down, the jury could infer therefrom that the engineer and fireman saw the mule and gave the alarm, and did not apply the brakes and do all they could to avoid the injury.

It is true that the mule was trespassing upon the track, and that the railroad company was not under duty to keep a constant lookout for trespassing animals, but it did owe the duty, if the mule was seen, to exercise reasonable care and diligence to prevent striking it. And the jury could infer, from the proof in this case, that the engineer and fireman did not do everything that was reasonable to prevent the injury, despite their testimony to the contrary.

The physical evidence, coupled with the testimony of witnesses as to the sounding of the alarm, and the failure

to slow the train, were sufficient to dispute the testimony of the engineer and fireman, and to authorize the jury, if they believed the appellant's testimony, and disbelieved the testimony of the engineer and fireman, to find for the appellant. Conflict of evidence is for the jury.

The judgment of the court below will be reversed and the cause remanded for a new trial.

Reversed and remanded.

On Suggestion of Error.

**Griffith, J.,** delivered the opinion of the court on suggestion of error.

Upon a careful re-examination of this record, we cannot safely say that there is no substantial, reasonable testimony in support of plaintiff's case. The rule, which we have on several occasions restated, is as follows: "If there be any substantial, reasonable testimony, and conceding that testimony to be true, which sustains the case of a party litigant, a peremptory instruction should not be granted against that party. When, however, the verdict of the jury has been returned, and a motion for a new trial is made upon the ground that the verdict is contrary to the evidence, the duty of the trial judge is then to look back over the entire testimony, and if he be of the opinion that the verdict is against the overwhelming weight or clearly against the great preponderance of the evidence, his duty is to set aside the verdict and grant a new trial." Justice v. State, 170 Miss. 96, 98, 154 So. 265.

Suggestion of error overruled.