THOMAS *v.* WILLIAMSON.

(Division A.  March 20, 1939.)

[187 So. 220.  No. 33625.]

**Dabney & Dabney,** of Vicksburg, for appellant.

**Wm. I. McKay,** of Vicksburg, for appellee.

**Griffith, J.,** delivered the opinion of the court.

If we were to take some two or three of the responses by the appellant to leading or suggestive questions by his attorney and consider them as if detached from his entire testimony, and from the facts which are undisputed, it might be deemed that there was enough in some of his responses, so made, to take the case to the jury. The general rule is, however, that in determining whether the evidence make a real and substantial issue of fact, the whole of the evidence in behalf of the party who insists that it is sufficient to go to the jury, together with the undisputed facts, and not merely certain selected parts thereof, is to be considered. A detached part when separately considered might have a particular meaning, but when taken with all the other parts would mean something else. 64 C. J. p. 444, and cases under note 33.

And when, as here, the only witness introduced, or who gave any testimony in behalf of one of the parties litigant was that party himself, and that part of his testimony on which he now relies as sufficient to take the case to the jury was of responses to leading or suggestive questions by his attorney, those responses are to be considered as of such depreciated value that they should be referred to the other and more dependable parts of his testimony, together with those of the explanatory facts which are undisputed; and thereupon, construing his entire testimony as a whole and by way of reconciliation with the undisputed facts, if it be fairly manifest that his testimony, upon the precise issue in question, amounts to no more in probative force than a scintilla of evidence in his behalf, a peremptory charge against him is proper.

It will be observed that we have used the term ''scintilla of evidence.'' This is an expression which long ago found its way into the law books, perhaps for the want of a better word. But it was an unfortunate choice

from the beginning, because literally it means the least particle, the slightest trace. We have recently had occasion to observe, ·without elaboration, that the scintilla rule of evidence is not recognized in this state, Mutual, etc., Ass'n v. Johnson, 186 So. 297; but we have not meant to say that if there be slightly more than the least particle, or a particle more than the slightest trace, this will be enough to avoid the rule ·in this state as to a scintilla of evidence. The attitude of our jurisprudence has been so far away from any such a conception of the scintilla rule that in at least three opinions of this court, Wooten v. Mobile Railroad Co., 89 Miss. 322, 42 So. 131, Clark v. J. L. Moyse, Miss., 48 So. 721, McFadden v. Buckley 98 Miss. 28, 53 So. 351, it was said that if, upon the evidence, it would have been the duty of the court to set the verdict aside, a peremptory charge would be proper.

It is true that the unguarded expressions in the three cited cases did not accurately state the law upon the question of the propriety of a peremptory instruction; but they show, and are cited to show, how far away this court has been from any such notion of the meaning of a scintilla of evidence as the technical definition of that term would imply. The actual state of our law on the subject of the allowance of the peremptory instruction is disclosed in Fore v. Alabama & V. Railway Co., 87 Miss. 211, 39 So. 493, 690; Alabama Great Southern R. Co. v. Daniell, 108 Miss. 358, 66 So. 730; Newton v. Homochitto Lumber Co., 162 Miss. 20, 138 So. 564; Mobile & O. R. Co. v. Johnson, 165 Miss. 397, 141 So. 581; Justice v. State, 170 Miss. 96, 154 So. 265; Fore v. Illinois Cent. R. Co., 172 Miss. 451, 159 So. 557, 160 So. 903; and Yazoo & M. V. R. Co. v. Lamensdorf, 180 Miss. 426, 177 So. 50, 178 So. 80.

A summary of these latest cases, as well as of numerous others going back almost to the beginning of the judicial history of this state, is that: When all the testimony in behalf of a party litigant is taken as a whole

and is considered as if undisputed by the other party, and that testimony is reconcilable in essential features with the material facts which are undisputed, and when so reconciled, and taken together with the undisputed facts, is of such a real and substantial nature that impartial men of sound judgment could reasonably believe it, and prudently act thereon, and thence it furnishes a factual basis adequate to sustain the case of the party, a peremptory instruction should not be granted against him. But if the testimony in behalf of the party does not measure up to this established standard, it is insufficient and therefore is but a scintilla, as that term is to be understood in our law. See the recent opinion of the Supreme Court of the United States on this subject in National Labor Relations Board v. Columbian etc. Co., 59 S. Ct. 501, 83 L. Ed. 660.

Under the record we think that the case here was one in which the scintilla rule was properly applicable, and that the action of the trial judge in granting the peremptory instruction was correct.

Affirmed.