BRADY, Justice:
This is an appeal from a judgment of the -Circuit Court of Neshoba County wherein a directed verdict was granted appellee, Betty Jean Boswell Bailey, and a verdict •of the jury was returned, and a judgment was entered thereon for appellee, Mrs. Marie McDowell.
A detailed analysis of all the facts is unnecessary and we outline only that por■tion of the evidence which is essential to the disposition of this cause. Appellant in 'her declaration charged both appellees with failing to keep their vehicles under control, failing to keep a proper lookout, and operating their respective motor vehicles in a reckless, dangerous and careless manner. Appellant further charged that Mrs. McDowell stopped her vehicle suddenly without giving any signal by arm or signal de-wice. Appellant charged that as a result of this failure to give a signal, or to have proper brake lights for warning purposes which would flash when her brakes were applied, appellee, Mrs. Bailey, negligently drove her vehicle into the back of Mrs. McDowell’s vehicle in which appellant was riding. Appellant asserted that the concurrent negligence of both appellees was the cause of the accident, and the injuries and damages sustained by her.
A careful and minute study of the record clearly shows that the appellant wholly failed to prove any negligence on the part of Mrs. Bailey in the operation of her automobile. The appellant and only one witness, Mrs. Lois Lovorn, testified in behalf of appellant. Appellant testified on cross-examination with reference to the acts of appellee, Mrs. Bailey, in the operation of her automobile, as follows:
Q. You don’t have any idea what Mrs. Bailey’s speed was?
A. No, I don’t.
Q. You don’t know whether or not she was keeping a close lookout or not, do you?
A. Mrs. Bailey?
Q. Right.
A. No, I don’t know what she was doing.
Q. And you don’t know whether she was watching the road or not, do you?
A. I don’t know.
Q. You don’t know anything about how she was operating her automobile, do you?
A. I don’t know.
Appellant’s witness, Mrs. Lois Lovorn, who also has a lawsuit pending against Mrs. Marie McDowell arising out of the same accident, testified on cross-examination with reference to the acts of appellee, Mrs. *248 Bailey, in the operation of her car, as follows :
Q. All right. Now, did you, at any time, see the Boswell Bailey automobile prior to the time it struck the automobile in which you were riding? Did you see it before it hit you?
A. Well, I never noticed who was behind us until it hit and, of course, I looked back and there was Betty Jean.
Q. Do you know Miss Betty Jean?
A. Yes.
Q. You didn’t know she was the one behind you?
A. No, not until we stopped.
Q. You had not been watching her back there behind you, had you ?
A. No, sir.
Q. You didn’t know how fast she was going, did you?
A. No, sir.
Q. You don’t know whether she had her automobile under control or not, do you ?
A. No, sir.
Q. You didn’t know anything about the way she was operating her automobile, did you?
A. No, sir.
*4» 4»
Q. You didn’t even see the Bailey automobile until after the wreck happened, did you?
A. That’s right.
After proving her injuries, pain and suffering, medical and hospital bills, the appellant rested, whereupon both appellees made a motion for a directed verdict. The court overruled the motion for a directed verdict by appellee, Mrs. McDowell, but sustained the motion for a directed verdict by appellee, Mrs. Bailey. The latter act of the court is assigned as error. We are forced to the conclusion that the trial court was eminently correct in sustaining the motion of appellee, Mrs. Bailey, for the reason that the record wholly fails to disclose any overt acts on the part of appel-lee, Mrs. Bailey, which constituted negligence that proximately caused or contributed to the collision and the resulting injuries.
After appellant had rested her case, it was encumbent upon the trial court,, when the motion for a directed verdict was made, to determine whether the appellant had established negligence on the part of appellees. In this matter the trial court properly excluded the evidence offered by appellant and granted a directed verdict to appellee, Mrs. Betty Jean Boswell Bailey. This constitutes an integral part of the constitutional system of Mississippi. Jakup v. Lewis Grocer Co., 190 Miss. 444, 200 So. 597 (1941); Thomas v. Williamson, 185 Miss. 83, 187 So. 220 (1939).
Appellant cites the case of Buntyn v. Robinson, 233 Miss. 360, 102 So.2d 126 (1958), and the case of Southern Beverage Co. v. Barbarin, 219 Miss. 493, 69 So.2d 395 (1954), as authority for her contention that the trial court erred in granting the motion for a directed verdict to Mrs. Bailey. The facts in these two cases are clearly distinguishable from the case at bar and do not apply.
Turning to the question of negligence on the part of appellee, Mrs. McDowell, it is to be noted that the jury brought in a verdict in favor of Mrs. McDowell. The testimony offered by appellant and her witness, Mrs. Lois Lovorn, was seriously controverted by the testimony of Mrs. McDowell and her six witnesses: Mrs. Cecil Emory and Mrs. Gladys Moody Sistrunk, who were riding with Mrs. McDowell and the appellant in Mrs. McDowell’s car; Mrs. Connie Yates and Mrs. M. A. Saveli, who were in Mrs. Saveli’s car; Mr. Felix *249 Morse, the Highway Patrolman; and Mr. Tom Bates, the Justice of the Peace in whose court Mrs. Bailey pleaded guilty and paid a fine of five dollars for operating a motor vehicle with improper brakes.
The appellant and her witness, Mrs. La-vorn, both testified that appellee, Mrs. McDowell, traveling at approximately sixty-five miles per hour, suddenly applied the brakes on her automobile when she was between six and ten feet from the automobile driven by Mrs. M. A. Saveli which had ■stopped in the highway, and that Mrs. McDowell’s automobile slid into the Saveli automobile. Subsequent to this collision the automobile driven by appellee, Mrs. Bailey, bumped into Mrs. McDowell’s automobile. Appellant and her witness both testified that appellee, Mrs. McDowell, gave mo signals of her intention to stop and that the brake lights on Mrs. McDowell’s car were not operating.
On the other hand, the testimony of ap-pellee, Mrs. McDowell, was that her car was traveling at a speed of approximately forty miles per hour; that she gave an arm ■signal indicating that she was stopping, and that her brake lights were working; that she slowed down and, in fact, came to .a full stop, and was hit from behind by ap-pellee, Mrs. Bailey. She further testified that the impact knocked her car into the car in front of her. The jury was amply justified in believing the testimony of Mrs. McDowell and her witnesses and in disbelieving the testimony of the appellant.
Clear-cut issues of fact were made by the conflicting testimony of appellant and her witness, and appellee, Mrs. McDowell, and her witnesses. These issues of fact were properly submitted to the jury for determination under instructions which, when all read together, properly advised the jury as to the applicable rules of law. The jury resolved all issues of fact in favor of appellee, Mrs. McDowell. The verdict of the jury and the judgment of the court is not contrary to the overwhelming weight of the evidence.
The appellant urges, evidently based upon the case of Jones v. Richards, 181 So.2d 923 (Miss.1966), which cites Mitchell-Davis Distributing Company v. McDonald, 223 Miss. 573, 78 So.2d 597 (1955), that “appellant is entitled to a judgment against someone in this case, and that since she did not obtain a judgment against either party when she was involved as a guest passenger in a two vehicle collision, and since she made out a case against both defendants, that the lower court erred in overruling her motion for a new trial, and in entering the directed verdict for one of the defendants, and that the errors committed in the lower court prejudiced the jury against appellant, and that the case should be reversed and remanded for a new trial, or judgment entered here in favor of appellant against appellee.”
The distinction between the case at bar and the case of Jones v. Richards, supra, and other cases cited by appellant, is simply this: In the case at bar no negligence was shown on the part of appellee, Mrs. Bailey, which was the proximate cause of or contributed to the accident and the injuries complained of. Involved in the case at bar is not the question of concurrent negligence on the part of two defendants. The proof of the appellant wholly failed to prove any negligence on the part of appellee, Mrs. Bailey, and therefore the court properly excluded the evidence and granted a directed verdict. Appellant therefore is incorrect in her assertion that she is entitled to a judgment against someone, for the reason that she did not make out a case of negligence against both appellees. The appellant made out a case of negligence under her testimony and that of her witnesses against Mrs. McDowell, which the jury declined to accept. The jury was justified in so finding, and therefore the motion for a new trial was properly overruled. The action of the lower court in excluding the testimony and directing a verdict in favor of appellee, Mrs. Bailey, did not and could not prejudice the rights of the appellant, since no *250 negligence on the part of Mrs. Bailey was established.
Since there are no reversible errors, and for the foregoing reasons, the judgment is affirmed.
Affirmed.
GILLESPIE, P. J., and JONES, PATTERSON, and INZER, JJ., concur.