ETHRIDGE, Chief Justice:
This is an action seeking damages for personal injuries, brought by appellant, Mrs. Lois Lovern, in the Circuit Court of Neshoba County against appellees, Mrs. Betty Jean Boswell Bailey and Mrs. Marie McDowell. The circuit court gave a peremptory instruction for both defendants, and this appeal is from that judgment.
Three cars going north were involved in the accident which occurred on Highway 15. The first car was driven by Mrs. Mildred Saveli; and the second by Mrs. McDowell. She and seven other ladies, who worked at the Decatur Shirt factory, were *443 driving home from work around 4:45 P.M. Plaintiff-appellant, Mrs. Lovern, was sitting on the right side of the front seat of the McDowell car. The third car was driven by defendant-appellee, Mrs. Bailey. The Saveli car stopped near the crest of a hill, and Mrs. McDowell’s car collided with the rear of the Saveli vehicle. Immediately thereafter, Mrs. Bailey ran into the back of the McDowell car.
Two witnesses testified for plaintiff. Since defendants were granted a directed verdict, on this appeal we take as true the evidence for plaintiff and reasonable inferences from it.
Without detailing the evidence, we think that the circuit court correctly gave a directed verdict for Mrs. Bailey. There was no evidence to show any negligence on her part. Both Mrs. Lovern and Mrs. Watkins admitted that they did not see the Bailey car until after the collision; and that they did not know in what manner it was being driven.
Mrs. Watkins, plaintiff’s witness and also a passenger in the McDowell car, brought a separate action against Bailey and McDowell. The circuit court gave Bailey a directed verdict and the jury returned a verdict for McDowell. On appeal this was affirmed in Watkins v. Bailey, 186 So.2d 246 (Miss.1966). The Court there held that “plaintiff wholly failed to prove any negligence on the part of Mrs. Bailey in the operation of her automobile.” The evidence there and here was substantially similar.
However, we think that the trial court erred in giving a directed verdict for McDowell. Appellant’s evidence made an issue of fact for the jury as to whether she was negligent. According to appellant’s evidence, McDowell was driving at a high rate of speed, did not see the Saveli car until she was within ten feet of it, and was in the process of lighting a cigarette and in an animated conversation when she first observed the stopped vehicle ahead. On this evidence, the jury could find that Mrs. Me-Dowell was driving at an excessive rate of speed, and failed to keep a lookout ahead and to keep her car under control. The earlier case of Watkins v. Bailey pertaining to the same accident and brought by one also a passenger in the McDowell car, also held that whether McDowell was negligent was an issue of fact on conflicting testimony. In the instant case, it was error to grant a directed verdict for Mrs. McDowell. As to her, the judgment is reversed and remanded. As to Mrs. Bailey, the judgment is affirmed.
Affirmed in part as to Mrs. Betty Jean Bailey; reversed and remanded as to Mrs. Marie McDowell.
RODGERS, JONES, BRADY and IN-ZER, JJ., concur.