MOBILE & O. R. Co. *et al. v.* JOHNSON.

(Division B.  May 9, 1932.)

[141 So. 581.  No. 29908.]

**Carl Fox**, of Memphis, Tenn., and **Ely B. Mitchell**, of Corinth, for appellants.

**J. A. Cunningham,** and **Floyd Cunningham,** both of Booneville, for appellee.

Argued orally by **Ely B. Mitchell,** for appellant, and by **J. A. Cunningham,** for appellee.

**Griffith, J.,** delivered the opinion of the court.

This case is before us for the second time and on practically the same record. Mobile & O. R. Co. v. Johnson, 157 Miss. 266, 126 So. 827. The facts are set out rather fully in the opinion in the former appeal, and will not be

repeated here, except to say that the present record shows that Mr. Johnson approached the railroad crossing, and without any slackening of speed, ran by the statutory stop sign on the edge of the right of way and upon the track of the railroad at the rate of fifteen miles per hour, or at the rate of twenty-two feet per second. The freight train of more than one thousand tons was traveling at the rate of forty miles per hour, or approximately fifty-eight feet per second. When, therefore, Mr. Johnson entered upon the right of way fifty feet from the track, the locomotive was only about one hundred forty-five feet from the crossing, and thus the collision occurred in two and one-third seconds after Mr. Johnson entered upon the right of way. In Mobile & O. R. Co. v. Bryant, 159 Miss. 528, 132 So. 539, we pointed out the utter improbability that within such a short space of time—less than one breath in the respiration of a normal person—anything effectual could be done by the train crew to avoid the collision. This same consideration is adverted to by the court in Hancock v. Ill. Cent. R. Co., 158 Miss. 668, 675, 131 So. 83.

Thus we are brought back to the question whether the enginemen were required in approaching this crossing to keep a lookout beyond the right of way and to anticipate that a person driving towards the crossing would pass by the statutory stop sign and go upon the right of way and upon the track without stopping, looking, and listening. In the former appeal in this case, we held expressly that there was no obligation on the part of the railroad to maintain a lookout beyond or outside of the right of way and no duty to anticipate that a person traveling in proximity thereto would drive upon the track without stopping. This holding was expressly reaffirmed in the Bryant Case, supra, and it had been distinctly recognized as the correct rule in the Hancock Case, supra, which in respect to the lookout is a stronger case for the plaintiff than is this case.

Nevertheless, in the present trial of this case, plaintiff

was permitted to introduce testimony to the effect that from two hundred fifty to five hundred feet back up the track some person on the engine was waving his hands at the people at or near two village stores. And thereupon the plaintiff secured a general charge of negligence, and now submits to the court, to quote the language of appellee's brief: "This matter was submitted to the jury under a charge of general negligence, and the jury had a right to believe that this was the fireman in the window, and that he was negligent in not looking ahead, and that but for that negligence, he would have seen decedent approaching the track and could have given alarm signals, and have prevented the tragedy through the exercise of ordinary care." The same argument in different form appears at two other places in the brief. It is clear, therefore, that appellant is arguing here—from which it is to be conclusively presumed that it was argued to the jury—that appellee was under duty to be on the lookout and bound to anticipation in respect to Mr. Johnson's movements at a time when he had not yet arrived at or passed the statutory stop sign and entered upon the right of way. In other words, although we held in this same case on the former appeal that there was no such asserted duty on the part of the railroad company and have twice reaffirmed that holding in the other cases cited, the present trial was conducted as if no such holdings had been made—the same error that had reversed the judgment on the former appeal was again brought forward, in a different dress but at least the same error.

As a result of these two appeals and a careful review of the record on both of them, we think it our duty to announce that there is but one issue, and one alone, to be submitted to the jury in this case, on the question of liability; and that is, whether the preponderance of the evidence establishes that the bell was not rung continuously for three hundred yards before the locomotive

reached the crossing. All other issues of liability are now and hereby eliminated from this case.

Appellants contend that on the issue aforesaid they were entitled to a peremptory instruction, for the reason that the testimony overwhelmingly preponderates in their favor. We declined on the former appeal to accede to that contention in respect to the peremptory instruction, and we must adhere to the view then taken. The rule is that, laying aside and leaving out of view the testimony in behalf of defendant, if the evidence in behalf of the plaintiff is sufficient in law to establish the legal right of the plaintiff in issue and is not inconsistent with the admitted physical facts or with natural laws or common knowledge, and, so viewed, the plaintiff's testimony taken alone is such that reasonable men, acting reasonably, could reasonably believe that testimony and prudently act upon it, then a peremptory instruction for the defendant must not be given. When, however, all the testimony has been heard and all the arguments delivered and the verdict returned, if, upon a completed view of the entire case, the trial judge is then of the opinion that the verdict is against the overwhelming weight, or clearly against the great preponderance, of the evidence, his duty is, upon a motion for a new trial, to set aside the verdict and grant a new trial. In the latter respect, and to the extent mentioned, the trial judge has a responsible part in the final determination of the issue upon the facts, and his duty of superintendence in that regard is one of his constitutional obligations.

We had occasion recently to call attention, Newton v. Homochitto Lumber Co., 138 So. 564, to this marked distinction between the duty of the trial judge in respect to a peremptory instruction as compared with his duty to grant a new trial. See, also, Columbus & G. Railway Co. v. Buford, 150 Miss. 832, 840, 116 So. 817. We repeat and emphasize the distinction here; and again call attention to one of the controlling reasons for it. Under section 592, Code 1930, no more than two new trials shall be

granted to the same party in the same cause. The trial judge may and should grant two new trials when the verdict is against the overwhelming weight, or clearly against the great preponderance, of the evidence, and on that ground alone. If upon the third trial the jury still persists in its view of the evidence, then the judge must not further interfere. We add that, of course, the limitation prescribed by the statute does not apply to new trials granted because of errors of law; and hence the two new trials that have now been granted in the present case do not come within the said statute.

The evidence in the present record, as we have already mentioned, does not substantially differ from that reviewed by us in detail in our former opinion. Our conclusion upon it, as then in effect stated, is that it is such that a peremptory instruction should not be granted, but that, upon the completion of the trial, the verdict should have been set aside, on the motion for a new trial, as being contrary to the overwhelming weight, or clearly against the great preponderance, of the evidence.

The court correctly granted an instruction that the action of appellee's decedent in entering upon the right of way and upon the railroad track in the manner and at the time he did was gross negligence, and that, if the jury should find for the plaintiffs, the damages must be diminished in proportion to the negligence of the deceased. But the court granted to plaintiffs an instruction which, in effect, told the jury that, if their verdict was for plaintiffs then all damages suffered by plaintiffs should be allowed. Appellants argue in their brief that the said instruction for appellees is erroneous because contradictory of the instruction correctly granted to appellants. The assignments of error filed by appellants do not include this particular instruction. We therefore do not pass upon the argument made, but call attention to this point, so that on a new trial contradictory instructions on the issue of damages may be avoided.

Reversed and remanded.