427 So.2d 138 (1983)
Willie Mae LARKIN
v.
Ellie PERRY, Executrix In the matter of the Estate of Henry Marshall, Deceased.
No. 53998.
Supreme Court of Mississippi.
February 23, 1983.
Cliff Finch & Associates, John L. Bailey, Stephen L. Henning, Batesville, for appellant.
Bill Perkins, Marks, for appellee.
Before WALKER, P.J., and DAN M. LEE and ROBERTSON, JJ.
WALKER, Presiding Justice, for the court:
This is an appeal from the Chancery Court of Quitman County, Mississippi, involving the contest of a will. The issues presented to the jury were:
(1) Due execution of the will; and
(2) Mental competency of the testator.
After deliberation, the following verdict was returned.
"We, the Jury, find for the contestant, Mrs. Willie Mae Larkin, and against the Will."
Thereafter appellee made a timely motion for judgment notwithstanding the verdict, or, in the alternative, for a new trial. In due course, the Chancery Court sustained the motion and entered judgment for appellee notwithstanding the verdict of the jury and, accordingly, the will was admitted to probate. Acting under the procedure authorized by Miss.R.Civ.P. 50(c),[1] the chancellor conditionally granted a new trial.
We are of the opinion that the chancellor erred in sustaining appellee's motion for judgment notwithstanding the verdict. Based upon careful review of the evidence adduced at trial, we hold that a jury issue was properly made out on the question of whether or not there was due execution of the will. It is questionable, however, whether the evidence presented by the appellant (objector to the will) was sufficient to make out a jury question on the issue of mental competency. Because the jury did not return separate verdicts on these two issues, we are unable to determine on which ground the verdict was based.
In accordance with the foregoing, the judgment of the trial court admitting the will to probate notwithstanding the verdict of the jury is reversed. The Chancery Court ordered a new trial conditionally, the condition being that the order for a new trial would take effect only in the event that the judgment notwithstanding the verdict *139 was later vacated on appeal. The condition having occurred, the chancellor's order for a new trial becomes fully operative and is now before us for review. We hold that the chancellor acted well within the limits of the discretion vested in him in considering such a motion. The order for a new trial is affirmed.
At the new trial, both issues  (1) due execution and (2) mental competency of the testator  must be presented to the jury. To avoid the possible reoccurrence of the problem we now face, the jury ought to be instructed to return a separate verdict on each issue. See Miss.R.Civ.P. 49(b).
By way of addendum, we are aware that the practice of granting a J.N.O.V. coupled with the conditional grant of a motion for a new trial is new to Mississippi. It is a practice expressly authorized in Miss.R. Civ.P. 50(c). We note that this practice has been frequently utilized in the federal courts which for years have operated under similar procedural rules. For example, see Planters Manufacturing Company v. Protection Mutual Insurance Co., 244 F. Supp. 721, 728-729 (N.D.Miss. 1965) wherein the District Court granted defendant's motion for judgment N.O.V. and further made a conditional grant of a new trial. On appeal, the United States Court of Appeals for the Fifth Circuit in Planters Manufacturing Co. v. Protection Mutual Ins. Co., 380 F.2d 869, 881 (5th Cir.1967) reversed the judgment of the District Court insofar as it sustained the motion for judgment N.C.V. but nevertheless affirmed the conditional new trial and remanded the case for a new trial.
The foregoing procedure has been followed in cases in other jurisdictions too numerous to cite, many of which no doubt are unreported. Suffice it to say that it is a practice now clearly prescribed in our Rules of Civil Procedure. It has been correctly employed in this case, first, by the chancellor sitting as trial judge, and now, by this Court on appeal.
REVERSED IN PART; AFFIRMED IN PART; CASE REMANDED FOR A NEW TRIAL.
PATTERSON, C.J., BROOM, P.J., and ROY NOBLE LEE, HAWKINS, DAN M. LEE, PRATHER and ROBERTSON, JJ., concur.
BOWLING, J., takes no part.
NOTES
[1] See also Comment to Rule 50(c).