475 So.2d 428 (1985)
Cynthia Ann JOHNSON
v.
CITY OF PASS CHRISTIAN, Mississippi.
No. 54880.
Supreme Court of Mississippi.
July 24, 1985.
Rehearing Denied September 18, 1985.
Paul S. Minor, David T. Cobb, Biloxi, for appellant.
Frank P. Wittmann, III, Wittmann & Sneed, Gulfport, for appellee.
*429 Before ROY NOBLE LEE, P.J., and DAN M. LEE and ROBERTSON, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Circuit Court of Harrison County, Mississippi, wherein the appellant was awarded damages arising from an automobile accident in the City of Pass Christian, Mississippi. The court granted a judgment non obstante veredicto in favor of the appellees.
Cynthia Ann Johnson filed suit against the City of Pass Christian, Mississippi, on October 5, 1981, attempting to recover for injuries she sustained in a one-car accident on Holiday Drive, a street in the city. In her suit, she alleged that the City had improperly failed to maintain Holiday Drive, and that a large hole in that street was the proximate cause of her injuries. The accident occurred on April 7, 1981, when the vehicle in which Mrs. Johnson was riding left Holiday Drive and hit a utility pole located off the traveled portion of the road. Mrs. Johnson alleged that she lost control of her car when the right front tire hit a large hole near the edge of the pavement. The injuries which Mrs. Johnson suffered as a result of the accident left her with permanent facial scarring. They also caused her to lose her job, and she has been unable to return to work. As of the date of the trial, Mrs. Johnson had incurred medical expenses of $4,550.91.
At the close of the plaintiff's case, the defendants moved for a directed verdict, but that motion was denied. The defendant moved again for a directed verdict at the end of the trial, and that motion was also denied. The jury returned a verdict in favor of the plaintiff in the amount of $75,000. Judgment was entered on August 4, 1982. The defendants filed a motion for a j.n.o.v. the verdict, in the alternative, a motion for a new trial, and in the alternative, a motion for a remittitur. The court, on August 23, 1982, entered a judgment n.o.v. in favor of the defendant. The court found it unnecessary to pass on the motions for a new trial and for a remittitur.
The appellant assigned one error to the trial court: That it erred in granting a judgment n.o.v. in favor of the defendant.
Holiday Drive is a two-lane, blacktopped road in the City of Pass Christian. It is a relatively short street, connecting with Highway 90, and running through primarily a residential area. One Chinese restaurant, one apartment complex, and about fifteen to twenty houses comprise the buildings on Holiday Drive.
The plaintiff, Cynthia Johnson, lived on Holiday Drive, and on April 7, 1981, she was traveling on Holiday Drive, going home for lunch. She turned off Highway 90 onto Holiday Drive, and, driving north, passed a southbound car. Shortly after passing that car, Mrs. Johnson lost control of her own vehicle. Her car veered off the road, and struck a utility pole which was approximately four feet from the edge of the asphalt.
Mrs. Johnson testified that she did not know what had caused her to lose control of her car. Vincent Dauro, a 68-year-old construction worker, testified that he was an eyewitness to the accident. He said that he saw Mrs. Johnson's right front tire hit a hole in Holiday Drive, that when she did, the rear of her vehicle flew into the air, and that she then left the road and hit the pole. He further stated that he examined the hole after the accident. He alleged that the hole was in the traveled part of the blacktop, and that it was sixteen inches into the road, that it was sixteen inches wide, and that it was sixteen inches deep. According to Mr. Dauro, the hole could not be seen unless one was almost standing over it, and that he came to the conclusion, after examining the hole, that the hole had caused Mrs. Johnson's accident.
Several pictures of the alleged defective area in Holiday Drive were submitted into evidence. All of the pictures show an area where Holiday Drive is at its narrowest, and where a culvert runs under the street. They reflect that there is some sort of caved in or washed out area that exists at the edge of the road. Testimony conflicted as to both the size and the nature of the *430 defect. One of the pictures was taken by the plaintiff's husband, the day after the accident. When Dauro was shown this picture on cross-examination, he stated that it did not reflect the condition of the road as he saw it after the accident. Joe Johnson, the plaintiff's husband, testified that the picture did reflect the hole which existed on the side of the road. The plaintiff also called Winstead Sims, Street Superintendent of the City of Pass Christian, as an adverse witness. Mr. Sims looked at photographs of the culvert area. He testified that his crew had worked on Holiday Drive about a month prior to the accident, and had seen no such defect. He also testified that, had he seen such a defect, he would have repaired it. Jim Fairley, an engineer called by the plaintiff, testified that there was a cave off area at the culvert. He inspected the accident scene in June, 1982, and in July, 1982, over a year after the accident. He testified that in June, the encroachment was eighteen inches into the road, fifteen to sixteen inches wide, and six inches deep. In July, the encroachment was twelve inches into the road, and one to two inches deep. He concluded that the area had been worked on between his first and second visits. A measurement of Holiday Drive taken at that point showed that it was fifteen and one-half feet wide at the culvert area. In Mr. Fairley's opinion, the deterioration of the road at the culvert area was about three to five years old. At the close of the plaintiff's evidence, the City moved for a directed verdict. It alleged that the plaintiff had not shown that the City had notice of any defect in Holiday Drive. It also pointed out that testimony had conflicted as to the size and extent of the hole in the road, and that Dauro had testified that the picture did not even show the hole that he saw. Finally, the City asserted that the plaintiff had not shown what had caused her to lose control of her vehicle. The court overruled the motion, but the judge told all the attorneys that he would seriously consider a j.n.o.v. if a judgment were returned for the plaintiff.
At that point the City called Judy Newnom, a police woman who had observed the scene of the accident shortly after it occurred. Mrs. Newnom said that Mrs. Johnson's tire tracks indicated that she left the road approximately three to five yards before she reached the culvert area. However, she admitted that the tire tracks do not show up in the photographs that she took of the accident scene. She also admitted that she had noted on her accident report that there was a defective shoulder at that point in the road. The City called Garner Russell, a civil engineer with the City of Pass Christian. Mr. Russell had examined the accident area in June, 1982. He testified that at the point of the culvert, Holiday Drive was eighteen and one-half feet wide. He characterized the area around the culvert as a depression which was one inch deep and about six feet wide. Edward Alley, Jr., the Police Chief of Pass Christian, testified that since he took office in 1974, there have been no other accidents on Holiday Drive. The plaintiff called Revis Niolet as a rebuttal witness. Mr. Niolet is the father of the plaintiff. He testified that he observed the accident scene on the afternoon of the accident, and that he found a hole one and one-half feet deep, and one and one-half to two feet into the pavement.
At the end of the testimony, the City renewed its motion for a directed verdict. The court overruled the motion. The jury returned a verdict in favor of the plaintiff and assessed damages in the amount of $75,000.
The defendants moved for a judgment notwithstanding the verdict, or a new trial, or a remittitur. They also alleged that the court erred in not granting them a directed verdict. The court, in explaining its failure to grant a directed verdict, said that the reason for its failure was to give this Court an opportunity to reinstate the verdict should the judge be overturned on appeal. However, the trial judge granted the motion for a judgment notwithstanding the verdict, saying that Dauro's testimony and the photograph of the accident scene contradicted each other. In granting the j.n. *431 o.v., the court indicated that it was unnecessary to pass on the other motions.
After comparing the photographs of the accident scene which were admitted into evidence with the testimony of the witnesses, this Court is of the opinion that the trial judge correctly granted the j.n.o.v. As the trial judge correctly noted, the photographs simply do not show a hole in the traveled portion of Holiday Drive. Mrs. Johnson's entire case rests on the notion that her car went out of control after hitting a hole in the road which, according to her witnesses, was approximately sixteen inches wide and sixteen inches deep. We have carefully examined the photographs submitted into evidence, including those taken by the appellant's family, and submitted on her behalf, and such a hole is nowhere to be found.
In similar cases, this Court has ruled that, where the photographs contradict the plaintiff's tenuous theory of an accident, the plaintiff's theory will not support a jury verdict. In Gunn v. Grice, 204 So.2d 177 (Miss. 1967), the plaintiffs' theory of the point of impact between a motor scooter and a truck was completely at odds with the photographic evidence and testimony of witnesses.
Plaintiffs' theory of the case ... is completely overwhelmed, in our opinion, by viewing the photographs taken at the scene and the testimony of the witness who arrived immediately after the accident and before the scene was subject to distortion by curious onlookers... . The plaintiffs' theory at best admits of only a possibility, but it is highly improbable, and the mere possibility of the happening of an event has been held by this Court to be insufficient to sustain a verdict.
Id. at 185.
A case even closer to the one at bar, City of Biloxi v. Schambach, 247 Miss. 644, 157 So.2d 386 (1963), involved an injury incurred by the plaintiff when she stumbled and fell on an uneven sidewalk. There, the plaintiff also submitted pictures which contradicted her theory of the city's negligence.
These pictures reveal far more detail than do the pictures of the appellant. Although apparently taken from a lower position than the pictures offered by appellant, the appellees' pictures showed that the top edge and west end of the east block of cement is plainly visible, and that the grass which grew in the crevice between the two blocks of concrete does not and did not prevent the appellee or any person exercising reasonable care in walking on the sidewalk there from seeing the rise of the east block of cement above the west block of cement across the width of the sidewalk... .
247 Miss. at 657, 157 So.2d at 392.
In this case, the very photographs submitted by Mrs. Johnson, as well as the photograph submitted by the defense, refute her theory that a large hole in the traveled portion of the road caused her injury. Eyewitness Dauro testified that, after seeing the accident, he examined the road, found a hole, and "I come to the conclusion that's what throwed her out of control." However, when asked to examine plaintiff's Exhibit No. 1, an eight inch by ten inch color photograph of the road at the place where the accident allegedly occurred, he testified that the photograph did not represent the hole he saw after the accident. In fact, the photograph does not depict a hole at all.
Although we are reluctant to sustain a j.n.o.v. where the trial judge overturns a jury's verdict, as we held in Elsworth v. Glindmeyer, 234 So.2d 312, 321 (Miss. 1970), "A `verdict' does not by its utterance create that which cannot be determined rationally to have existed. A verdict cannot metamorphose an incredible assumption into a plausible fact worthy of being accepted as a reality." In this case, the jury based its verdict on a physical impossibility  a hole that just was not there.
We take this opportunity to remind the Bench and Bar that Rule 50(c) is now in effect and will, no doubt, have some salutary effect as Justice Robertson said in a specially concurring opinion in Jesco v. *432 Whitehead, 451 So.2d 706 (Miss. 1984), the standard or purpose for granting a j.n.o.v. and a new trial are different, the two motions should be considered separately on the basis of their respective standard and purposes. Another reason is that all pending motions should be ruled upon so a finality to litigation may be achieved.
Finding that the trial judge did not commit reversible error in granting a judgment non obstante veredicto under the facts in this case, we affirm.
AFFIRMED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.