494 So.2d 354 (1986)
Michael J. SPRADLIN
v.
Maynard H. SMITH.
No. 55779.
Supreme Court of Mississippi.
September 17, 1986.
James W. Backstrom, Carolyn Dohn, Bryan, Nelson, Allen, Schroeder & Backstrom, Pascagoula, for appellant.
Arvos V. Cumbest, Scott Cumbest, Cumbest, Cumbest & Hunter, Pascagoula, for appellee.
*355 Before WALKER, C.J., DAN M. LEE and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This is an appeal of a suit for personal injuries from the Circuit Court of Jackson County. There was a verdict for the defendant, whereupon the plaintiff filed his motion for a new trial or, in the alternative, "for a judgment in favor of the plaintiff notwithstanding the verdict of the jury". The judgment was entered on the 25th day of January, 1984. The plaintiff's motion was filed in the office of the circuit clerk on February 6, 1984.
The court sustained the motion, first by an order dated March 2, 1984, wherein it was stated that the plaintiff "is hereby granted a new trial on the issues of damages only". This order was amended by an order nunc pro tunc on March 8, 1984, wherein it was stated that the plaintiff "is hereby granted a judgment notwithstanding the verdict in his favor, and a new trial on the issue of damages only". It is apparent that the judge expected his order to be appealed; in fact, he so stated in the record. So that there would be no misunderstanding as to his wishes in this matter, he entered still another order nunc pro tunc on March 23, 1984, wherein it was stated the plaintiff "is hereby, granted a judgment notwithstanding the verdict in his favor, and unless reversed or vacated a new trial on the issue of damages only". The order further stated that it was for the purpose of assuring an appeal to this Court, under Rule 50 Miss.R.Civ.P.
The appellant, defendant below, assigns two errors: first, that the motion for a new trial or, alternatively, for a judgment notwithstanding the verdict was not "timely served", and that the questions of negligence and proximate cause were for the jury.
Also to be considered on this appeal is the appellee's motion to dismiss the defendant's appeal because of this Court's lack of jurisdiction, asserting that the lower court has not presented any appealable order.
First we address the filing or serving of the plaintiff's motion. Factually, the 10-day period for serving the motion, according to Rule 59, expired on February 4, 1984, except that Rule 6(a) does not require the counting of Saturday and Sunday. February 4th was a Saturday; therefore, February 6th was the last day.
The motion was filed in the office of the clerk on that date; however, according to the postmark, it was not mailed to the defendant until February 7th and received on February 8th.
Plaintiff's counsel testified that he did in fact mail the same on February 6th, and apparently the lower court so found and proceeded to hear his motion. We should not disturb the lower court's finding of fact and ruling thereon.
Next we consider the appellee's motion to dismiss for lack of jurisdiction. Rule 50(c) expressly provides for the conditional grant of a new trial when a judgment notwithstanding the verdict has been entered. The comment under Rule 50 applicable where both motions have been granted is as follows:
3. The trial court may grant both motions. If it does so the grant of a new trial is conditional only and becomes effective only if the grant of judgment (JNOV) is reversed. The conditional grant of the new trial does not affect the finality of the judgment (JNOV) and appeal can be taken from the grant of judgment. In opposing the motion for judgment the party for whom the verdict was returned is entitled to urge that errors were committed during the trial that at least entitled him to a new trial rather than to any entry of judgment against him. He may move for a new trial within ten days after entry of the judgment notwithstanding the verdict and, whether he has moved for a new trial or not, may argue on appeal that he is entitled to a new trial.
If the appellate court affirms the grant of judgment the case is ended. If it reverses the grant of judgment the new trial must proceed, in accordance with *356 the conditional order by the trial court, "unless the appellate court has otherwise ordered."
We hold that Rule 50(c) expressly provides for an appeal where a judgment notwithstanding the verdict has been entered and a new trial conditionally granted. Johnson v. City of Pass Christian, 475 So.2d 428 at 431-32 (Miss. 1985) and Larkin v. Perry, 427 So.2d 138, 139 (Miss. 1983).
Now to the merits of this appeal: After reviewing the evidence, and particularly in light of the fact that the appellee was heavily intoxicated at the time he was struck by appellant's automobile, we are of the opinion that the judgment notwithstanding the verdict should not have been granted. In Paymaster Oil Mill Co. v. Mitchell, 319 So.2d 652 (Miss. 1975), the rule applied to directed verdicts, peremptory instructions, judgments notwithstanding the verdict and the granting of new trials was clearly delineated and review of this case and those that follow, especially Stubblefield v. Jesco, 464 So.2d 47 (Miss. 1984), reveals that an entirely different burden applies to the granting of new trials than to judgments notwithstanding the verdict. In Jesco, Inc. v. Whitehead, 451 So.2d 706 (Miss. 1984), Justice Robertson, in a specially concurring opinion, expressed the rule as follows:
The motion for j.n.o.v. tests the legal sufficiency of the evidence supporting the verdict. It asks the Court to hold, as a matter of law, that the verdict may not stand. Where a motion for j.n.o.v. has been made, the trial court must consider all of the evidence  not just evidence which supports the non-movant's case  in the light most favorable to the party opposed to the motion. The non-movant must also be given the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point so overwhelmingly in favor of the movant that reasonable men could not have arrived at a contrary verdict, granting the motion is required. On the other hand, if there is substantial evidence opposed to the motion, that is, evidence of such quality and weight that reasonable and fairminded men in the exercise of impartial judgment might reach different conclusions, the motion should be denied and the jury's verdict allowed to stand. See, e.g. General Tire and Rubber v. Darnell, 221 So.2d 104, 105 (Miss. 1969); Paymaster Oil Co. v. Mitchell, 319 So.2d 652, 657 (Miss. 1975); City of Jackson v. Locklar, 431 So.2d 475, 478 (Miss. 1983).
See also Jesco v. Shannon, 451 So.2d 694 (Miss. 1984); Blackwell v. Dairymen, 369 So.2d 511 (Miss. 1979).
464 So.2d at 54.
Judge Dan Lee in Stubblefield, supra, writing for the majority, adopted Judge Robertson's language. Judge Robertson, in a specially concurring opinion in Stubblefield had the following to say:
Where a party has moved for judgment n.o.v. or, in the alternative, for a new trial, and where the trial judge is of the opinion that judgment n.o.v. should be granted, and where the basis of that conclusion is the trial judge's opinion that the evidence is insufficient to support the verdict of the jury, it will ordinarily follow as a matter of course that the trial judge should couple his granting of the j.n.o.v. with the conditional grant of the motion for a new trial. Because less evidence favorable to the non-moving party is necessary to withstand a motion for j.n.o.v. than a motion for a new trial, if the trial judge believes the evidence so weak that j.n.o.v. should be granted, it will be a rare case indeed where he does not also regard that the verdict is against the overwhelming weight of the evidence, in which event he will order a new trial.
It is important here to keep in mind the nature and office of the motion for judgment notwithstanding the verdict as distinguished from the motion for a new trial. My views regarding this distinction have been noted in my concurring opinion in another case arising out of the same grain bin explosion as has generated *357 this litigation. See Jesco, Inc. v. Whitehead, 451 So.2d 706, 711-717 (Miss. 1984)
464 So.2d at 58.
We now hold that, considering the evidence as a whole, applying the rule to judgments not withstanding the verdict the trial court was manifestly in error in sustaining the motion for j.n.o.v.
In Paymaster, supra, we said, in an opinion by Chief Justice Patterson, the following:
In Mobile & O.R. Co. v. Johnson, 165 Miss. 397, 141 So. 581 (1932), it is stated:
... The rule is that, laying aside and leaving out of view the testimony in behalf of defendant, if the evidence in behalf of the plaintiff is sufficient in law to establish the legal right of the plaintiff in issue and is not inconsistent with the admitted physical facts or with natural laws or common knowledge, and, so viewed, the plaintiff's testimony taken alone is such that reasonable men, acting reasonably, could reasonably believe the testimony and prudently act upon it, then a peremptory instruction for the defendant must not be given. When, however, all the testimony has been heard and all the arguments delivered and the verdict returned, if, upon a completed view of the entire case, the trial judge is then of the opinion that the verdict is against the overwhelming weight, or clearly against the great preponderance, of the evidence, his duty is, upon a motion for a new trial, to set aside the verdict and grant a new trial. In the latter respect, and to the extent mentioned, the trial judge has a responsible part in the final determination of the issue upon the facts, and his duty of superintendence in that regard is one of his constitutional obligations. 165 Miss. at 403, 141 So. at 582.
See also Gunn v. Grice, 204 So.2d 177 (Miss. 1967); Newton v. Homochitto Lbr. Co., 162 Miss. 20, 138 So. 564 (1932); and Columbus & G. Ry. Co. v. Buford, 150 Miss. 832, 116 So. 817 (1928).
319 So.2d at 656.
The trial judge gave no reason for his ruling, however, we must assume that the basis for granting the judgment notwithstanding the verdict was that reasonable men, acting reasonably, would have believed the plaintiff's case and prudently acted upon it and that the defense testimony established no defense at all. This then necessarily encompassed a belief on his part that the verdict was against the overwhelming weight of the evidence, and since he went further than this, we will remand the case for a new trial on all issues. We do believe the evidence would support such finding by the trial judge. As stated, there is no dispute that the plaintiff was heavily intoxicated. However, he had walked almost the width of a three-lane city street before he was struck by the defendant's automobile. As pointed out by Judge Hawkins in a specially concurring opinion in Ross v. Miller, 441 So.2d 541 (Miss. 1983), in a similar factual situation, the plaintiff had yielded to approaching traffic when he entered the street. This is supported by the fact that the accident occurred on a three-lane street. The defendant was in his right lane travelling west. The plaintiff entered the road from the south side (or to the defendant's left). He stated he thought he had plenty of time to make it across the road. A witness verified this, by stating that the plaintiff walked up to the street and waited a second before starting across. The witness did state, however, that the plaintiff was looking down at a newspaper he had in his hand after he entered the street.
Nevertheless, the defendant left a stoplight a short distance back from the scene of the accident with no automobiles in front of him, nor any evidence that one was approaching from the opposite direction. The occasion was on a clear night, the street was well lighted, straight and level, familiar to the defendant, who travelled it twice daily five days a week and had over a period of twelve years. He admitted he knew pedestrians crossed the street at or about this point. Still, he did not see the plaintiff until he heard a thump or bump and saw the plaintiff through his windshield. *358 The conclusion is inescapable that he was not maintaining a proper lookout.
It is arguable that some decisions of this Court might support the judgment notwithstanding the verdict. Ulmer v. Pistole, 115 Miss. 485, 76 So. 522 (1917); Robertson v. Welch, 242 Miss. 110, 134 So.2d 491 (1961); Layton v. Cook, 248 Miss. 690, 160 So.2d 685 (1964); Cole v. Todd, 355 So.2d 292 (Miss. 1977). We do not believe this case to be factually like those cases and now hold that a new trial on all issues should be granted.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.